GRAHAM et al. v. O'FERRAL et al.

(Circuit Court of Appeals, First Circuit. October 19, 1916.)

No. 1149.

1. COURTS ⬯405(14)—APPEAL FROM PORTO RICO COURT—TIME FOR PERFECTING—STATUTES.

As Judicial Code (Act March 3, 1911, c. 231) § 244, 36 Stat. 1157 (Comp. St. 1913, § 1221), and Act Jan. 28, 1915, c. 22, 38 Stat. 803, attaching Porto Rico to the First circuit, makes no provision in terms fixing the time for taking appeals or suing out writs of error for cases from the Porto Rico Supreme Court which may be reviewed by the Circuit Court of Appeals, the time for perfecting an appeal is left to be determined by the rule of the Circuit Court of Appeals, and so an appeal will not be dismissed for two years' delay, where no rule requiring an earlier perfection was in force.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⬯405(14).]

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. COURTS ☞405(14, 16)—PERFECTION OF APPEAL—LACHES.

On appeal to the Circuit Court of Appeals, that tribunal may relieve an appellant from the effect of his laches in omitting to give security for costs, or to seasonably furnish a transcript of the record.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ☞405(14, 16).]

3. APPEAL AND ERROR ☞801(4)—MOTION TO DISMISS—MATTERS TO BE CONSIDERED.

As a question of defect of parties is one requiring an opening up of the record, that matter will not be considered on motion to dismiss the appeal, where the error may probably be met by amendment, but will be postponed until hearing on the merits.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3162, 3163; Dec. Dig. ☞801(4).]

Appeal from the Supreme Court of Porto Rico.

Action by Andres B. Crosas Graham and others against Andres Crosas O'Ferral and others. From a judgment for defendants, plaintiffs appeal. On motion to dismiss. Motion denied.

S. Mallet-Prevost and Hugo Kohlmann, both of New York City, for appellants.

Frederic R. Coudert and Howard Thayer Kingsbury, both of New York City, for appellees.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

PUTNAM, Circuit Judge. The motion to dismiss this case was denied after argument on March 1, 1916, stating that a formal opinion will be filed later. It has never been filed, but it follows herewith:

[1] The matter we have to consider is a motion by the appellees to dismiss this appeal, on the ground that it was not seasonably taken and perfected.

In connection with the statutes attaching Porto Rico to the First circuit (section 244 of the Judicial Code, Act of March 3, 1911, 36 Stat. at Large, § 244, pp. 1087, 1157, and 1158, and the Act of January 28, 1915, c. 22, 38 Stat. at Large, pp. 803 and 804), no provision was made in terms fixing the time for taking appeals to this court or suing out writs of error from this court for the cases from the Supreme Court of Porto Rico which might reach this court. It was, in fact, a casus omissus. This petition for dismissal related to a decree in the Supreme Court of Porto Rico which was entered on March 5, 1913, while the appeal was not allowed until March 4, 1915, and was not perfected by giving security until June 21, 1915. It assumes that the time limit for taking out writs from this court is two years. The time limit for taking out writs from the Supreme Court, or appeals thereto, according to section 124, p. 1008, of the Revised Statutes, is two years; and the statutes are thought to transfer that period of two years to appellate proceedings in the Court of Appeals in the First Circuit, without using any statutory language literally to that effect.

With reference to writs of certiorari to the Supreme Court in accordance with the original act establishing the Court of Appeals, there was a like deficiency in not naming the time in which writs of certiorari

may be applied for. This might be made good according to the decision of the Supreme Court in The Conqueror, 166 U. S. 110, 114, 17 Sup. Ct. 510, 41 L. Ed. 937, decided March 8, 1897; but the matter of applying for writs of certiorari was there shown not to be settled by strict law, but to be determined by the discretion of the court under certain limitations, so that The Conqueror was not a precedent for this case, which is governed by strict law so far as the statutes are concerned, in which no provision has been made by express statute as to this particular. Consequently The Conqueror is no precedent for this case. It must, therefore, be assumed to be regarded by Congress as involving the matters of mere regulation by rule or order, and thus left to the courts to be properly moulded as circumstances might require.

We are not informed, and we are assumed not to be informed, what injustice or harshness might be involved in a declaration which would cut off present or future appellees in any abrupt manner. Therefore, we are this day entering a rule in reference to such appeals which we assume will do no injustice to any one; and this line of reasoning and method of proceeding, of course, require us to refuse to dismiss this appeal for any delay in completing it.

[2] With reference to matters not jurisdictional, referred to in this petition to dismiss, see Freeman v. United States, 227 Fed. 732, 142 C. C. A. 256. and Cardona v. Quinones, 240 U. S. 83, 36 Sup. Ct. 346, 60 L. Ed. 538, to the effect that we need not now specifically notice them. In order to plainly secure uniformity, we make the new rule broad. Various complaints are made with reference to the omission to give security for costs, or to seasonably furnish a transcript of the record, or seasonably to perform some other matters which are not of a jurisdictional type; but this court can relieve from all laches in reference thereto on proper application therefor, and none of them forms a proper basis for a petition to dismiss.

[3] Also objection is made by the appellees for alleged defect in parties; but, as this requires the opening up of the record, it can be better disposed of when the record is opened up than now, and can be probably met by amendment if required; so it is postponed for the present.

Circuit Court of Appeals.

October Term, 1916.

Additional Rule 37, Adopted October 19, 1916.

Appeals and writs of error from and to the District Court of the United States for the District of Porto Rico, and from the Supreme Court of the District of Porto Rico whenever by law they can be taken, shall be taken within six calendar months from the time when the right to such an appeal or writ of error accrues, and not afterwards, by filing a claim for the appeal in the registry of the court appealed from, or by suing out a writ of error from the Court of Appeals, or from the court or judge in Porto Rico, as the case may be.